UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-CV-22037-KMW

ANA GARCIA,

    Plaintiff,

vs.

ALS EDUCATION, INC.,
a Foreign Profit Corporation,
d/b/a ACCELERATED LEARNING
SOLUTIONS,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW**

Defendant ALS Education, Inc. ("ALS"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court for entry of an Order dismissing Count I (FMLA Interference), Count II (FMLA Retaliation), and Count IV (FLSA Retaliation) against ALS for failure to state a claim upon which relief can be granted.[1] In the alternative, ALS moves for a more definite statement of Plaintiff's claims under Rule 12(e) of the Federal Rules of Civil Procedure.

**I.    INTRODUCTION**

According to Plaintiff's First Amended Complaint, this case arises from Plaintiff's

---

[1] The filing of a partial motion to dismiss tolls the defendant's obligation to file an answer to the remaining claims. *See* Fed. R. Civ. P. 12(a)(4); *Ferk v. Mitchell*, No. 14-CV-21916, 2014 WL 7369646, at *1 (S.D. Fla. Dec. 29, 2014).

#46855944_v1

employment with ALS, which terminated on March 16, 2016. Plaintiff asserts four claims against ALS: (1) Interference with Rights Under the Family Medical Leave Act, 29 U.S.C. §§ 201-219 ("FMLA"); (2) Retaliation under the FMLA; (3) Wage & Hour Federal Statutory Violation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); and (4) FLSA Retaliation. Plaintiff's FMLA interference claim is insufficiently pled, as Plaintiff fails to allege facts supporting her conclusory allegation that she is an "employee" under the FMLA. For the FMLA retaliation claim, Plaintiff also fails to sufficiently allege a causal connection between allegedly protected activity and an adverse employment action. Finally, Plaintiff fails to state an FLSA retaliation claim because she fails to sufficiently allege that she engaged in protected activity. For these reasons, the Court should dismiss the First Amended Complaint.

## II. LEGAL ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief to survive a motion to dismiss. *Id.* at 1950. Furthermore, the plaintiff "must plead with enough factual matter to provide plausible grounds to infer the required elements for a claim are met." *Izakh v. City of Miramar*, 2009 WL 1636108 *1 (S.D. Fla. March 30, 2009) (citing *Twombly*, 550 U.S. at 556). Allegations that are conclusory are not entitled to be assumed true. *Iqbal*, 129 S.Ct. at 1951.

### A.  The Court should dismiss Counts I & II under the FMLA because Plaintiff fails to plead sufficient facts to support the essential elements of each claim.

The FMLA affords unpaid leave for eligible employees for certain reasons, including "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). The FMLA also protects eligible employees from retaliation for exercising their rights under the FMLA. *See* 29 U.S.C. § 2615(a)(2). Accordingly, the Eleventh Circuit has recognized two types of FMLA claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Hurlbert*, 439 F.3d 1286 at 1293 (quoting *Strickland v. Water Works and Sewer Bd. of the City of Birmingham*, 239 F. 3d 1199, 1206 (11th Cir. 2011)).

#### 1.  *Plaintiff has failed to state a claim for interference under the FMLA.*

To establish an interference claim, the employee must show that "'she was denied a benefit to which she was entitled.'" *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1274 (11th Cir. 2012) (quoting *Harley v. Health Ctr. of Coconut Creek*, 487 F. Supp. 2d 1344, 1357 (S.D.Fla.2006)). As the federal courts have explained, plaintiffs must "allege facts" supporting the following elements: (1) plaintiff is an eligible employee under FMLA; (2) defendant is an employer under FMLA; (3) plaintiff was entitled to leave under FMLA; and (4) defendant engaged in some prohibited act under FMLA. *Dormeyer v. Comerica Bank - Illinois*, No. 96 C 4805, 1997 WL 403697, at *2 (N.D. Ill. July 15, 1997) (internal citations omitted) (citing 29 U.S.C. §§ 2611-2612 & 2615; *Spurlock v. NYNEX*, 949 F.Supp. 1022, 1033 (W.D.N.Y.1996); *Burnette v.*

*Vanguard Plastics, Inc.*, No. 95-1489-JTR, 1996 WL 740548, at *2 (D.Kan. Nov. 13, 1996); *Wolke v. Dreadnought Marine, Inc.*, 954 F.Supp. 1133, 1134 (E.D.Va.1997); *Blumenthal v. Murray*, 946 F.Supp. 623, 626 n. 4 (N.D.Ill.1996).

With respect to the first element, an "eligible employee" means any person who has been employed for at least twelve months by the employer and for at least 1,250 hours of service with such employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A); *Romanelli v. W. & S. Life Ins. Co.*, No. 3:06-CV-819-J-32HTS, 2007 WL 1231835, at *3 (M.D. Fla. Apr. 26, 2007). Additionally, the employee must work at a location that has 50 employees within a 75-mile radius. 29 U.S.C. § 2611(2)(B). Here, Plaintiff alleges that she is "a covered employee for purposes of the FLSA and FMLA," that she is "an individual entitled to protection under the FMLA," and that she "is an employee within the meaning of the FMLA." (Doc. 22, at ¶¶ 3, 24-25 & 32-33.) Plaintiff also makes vague and generalized allegations that she worked in excess of forty hours per week throughout her employment and that she worked approximately twenty "overtime" hours each week from July 2014 to March 16, 2016. (*Id.*, at ¶¶ 12 & 14.) These allegations are insufficient to successfully plead that Plaintiff is an "eligible employee" under the FMLA. *See Simmons v. N.Y.C. Transit Aut.*, No 96 CV 3414, 2001 WL 984905, at *2 (E.D.N.Y. July 6, 2001) ("simply alleging that the employee was 'employed full-time,' is not enough to establish the 1,250 hour requirement" under the FMLA); *Roff v. Low Surgical & Medical Supply, Inc.*, No. 03 CV 3655, 2004 WL 5544995, at *8 (E.D.N.Y. May 11, 2004) ("[a]lthough the factual allegations contained in plaintiff's complaint suggest that she was a full time employee of defendant since September 2000, they are insufficient to establish that she actually performed at least 1,250 hours of service during the twelve month period immediately preceding her requested leave"). Plaintiff here also fails to allege that she worked at a location that has 50 employees within a 75-mile radius. For these

reasons, the Court should dismiss Plaintiff's FMLA claims. *See Spurlock*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996) (dismissing FMLA claim because Plaintiff "merely asserts in a conclusory manner that he is eligible without stating any facts that relate to the definition of an eligible employee"); *see also Dormeyer*, No. 96 C 4805, 1997 WL 403697, at *2 (dismissing FMLA claim because plaintiff failed to allege facts showing that she was an eligible employee).

2. *Plaintiff has failed to state a claim for retaliation under the FMLA.*

The Eleventh Circuit has recognized two types of FMLA claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Hurlbert*, 439 F.3d 1286 at 1293 (quoting *Strickland v. Water Works and Sewer Bd. of the City of Birmingham*, 239 F. 3d 1199, 1206 (11th Cir. 2011)). To state a prima facie case of retaliation under the FMLA, the Plaintiff must show that she: (1) engaged in statutorily protected activity; (2) experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *Hurlbert*, 439 F.3d at 1297. To show a causal connection, as a starting point, "the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action." *See Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). While this awareness may be established by circumstantial evidence such as temporal proximity between the employee's protected conduct and the adverse employment action (*id*. at 800-1), a gap of more than three months between the allegedly protected conduct and the adverse employment action is not close enough to show causation. *Henderson v. FedEx Express*, 442 F. App'x 502, 506 (11th Cir. 2011); *see Shelton v. Price Waterhouse Coopers, LLP*, No. 8:12-CV-02757-T-27, 2014 WL 2581348, at

\*5 (M.D. Fla. May 2, 2014) (citing three month rule in FMLA case).

Plaintiff here makes conclusory allegations that ALS "retaliated against Plaintiff for exercising rights protected under the FMLA." (Doc. 22, at ¶ 36.) But Plaintiff fails to sufficiently allege that the decision-maker of any adverse employment action was aware that Plaintiff engaged in protected conduct. Plaintiff also fails to allege sufficient temporal proximity between any alleged protected conduct (when the Plaintiff allegedly took leave for her illness on December 2, 2015), and Plaintiff's discharge more than three months later on March 16, 2016. For these reasons, Plaintiff fails to state a claim for retaliation under the FMLA. *See, e.g., Tiffany v. Dzwonczyk*, No. 315CV00108MADDEP, 2016 WL 3661410, at \*3 (N.D.N.Y. July 5, 2016) (granting 12(b)(6) motion to dismiss FMLA retaliation claim where plaintiff failed to allege facts showing that defendant took adverse employment action in response to plaintiff taking FMLA leave); *Chukwueze v. NYCERS*, No. 10 Civ. 8133(JMF), 2012 WL 3758452, at \*10 (S.D.N.Y. Aug. 30, 2012) (granting 12(b)(6) motion to dismiss Title VII retaliation claim because three to six month time gap did not establish causation and there were no other facts to state a plausible retaliation claim); *Coleman v. Maldonado*, 564 F. App'x 893, 894 (9th Cir. 2014) (affirming 12(b)(6) dismissal of Section 1983 retaliation claim where plaintiff failed to allege sufficient facts to show retaliatory intent or to link defendants to the alleged adverse action); *Smith v. W. Manheim Twp.*, No. 1:11-CV-778, 2011 WL 5117618, at \*4 (M.D. Pa. Oct. 25, 2011) (granting 12(b)(6) motion to dismiss ERISA retaliation claim where plaintiff failed to allege that decision maker was aware of protected activity and failed to allege facts of unusually suggestive temporal proximity); *Mitchell v. Lupert*, No. 3:09–CV–00789, 2011 WL 742042, at \*6 (M.D.Pa. Feb.24, 2011) (granting 12(b)(6) motion to dismiss § 1983 retaliation claim because plaintiff had "not alleged facts from which a causal connection between his constitutionally protected conduct and the alleged adverse

actions [could] be inferred"); *Hunt v. Arthur Kill Corr. Facility*, No. 11-CV-2432 RRM LB, 2012 WL 7658364, at *7 (E.D.N.Y. Oct. 9, 2012), report and recommendation adopted, No. 11-CV-2432 RRM LB, 2013 WL 828483 (E.D.N.Y. Mar. 6, 2013) (granting 12(b)(6) motion to dismiss where plaintiff failed to allege facts to suggest a plausible causal connection between the protected activity and the alleged retaliation). The Court should therefore dismiss Count II for retaliation under the FMLA.

      B.    **The Court should dismiss Count IV for retaliation under the FLSA because Plaintiff fails to sufficiently plead that she engaged in protected activity.**

The FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3); *E.E.O.C. v. White & Son Enterprises*, 881 F.2d 1006, 1010 (11th Cir. 1989). While employees may file an oral complaint relating to the FLSA, the statute requires "fair notice" to employers, such that the phrase "filed any complaint" requires "some degree of formality, certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should reasonably understand the matter as part of its business concerns." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). Indeed, "[n]ot all 'abstract grumblings' or vague expressions of discontent are actionable as complaints." *Lasater v. Texas A & M Univ.-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012) (quoting *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 44 (1st Cir. 999)). To provide fair notice, a "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." *Kasten*, 563 U.S. at 14.

And even though "a plaintiff need not explicitly refer to the FLSA statute itself, the complaint does need to be framed in terms of potential illegality." *Lasater*, 495 F. App'x at 461.

Here, Plaintiff alleges that "[t]he motivating factor that caused Plaintiff's adverse employment action … was Plaintiff's complaint regarding not being properly paid for all hours worked." (Doc. 22, at ¶ 51.) More specifically, the alleged complaint consists of the following:

- Requesting a raise "considering that she was working extended hours; including, evenings, weekends and holidays" (*Id*., at ¶ 15)

- Complaining to Defendant that work was excessive and manual in nature, and that she could only meet deadlines by working extended hours (*Id*., at ¶ 17)

Neither of these alleged complaints provide Defendant fair notice that Plaintiff was lodging a complaint under the FLSA. *See Carbaugh v. Unisoft Int'l, Inc.*, No. CIV.A. H-10-0670, 2011 WL 5553724, at *25 (S.D. Tex. Nov. 15, 2011) (finding no "fair notice" where employee asked if he could receive compensatory time when he worked more than forty hours per week but did not seek overtime pay nor assert a right to overtime pay). Indeed, "[d]emands for more compensation are not protected activity" under the FLSA. *Perez v. Brands Mart Serv. Corp.*, No. 10-61203-CIV, 2011 WL 3236022, at *9 (S.D. Fla. July 28, 2011). From Defendant's point of view, its exempt employee was complaining that she did not make enough money. This complaint, which is common in the workplace, does not raise FLSA concerns as a matter of course. Since Plaintiff does not allege an FLSA-related complaint, she fails to allege an essential element of an FLSA retaliation claim and thereby fails to state a claim upon which relief may be granted.

**C.     As an alternative to an order dismissing Plaintiff's FMLA interference and relation claims, as well as her FLSA retaliation claims, Defendant requests an order that Plaintiff provide a more definite statement of the claims.**

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As set out above, the Complaint is vague and ambiguous as to whether Plaintiff is an "eligible employee" under the FMLA, as to any causal connection between allegedly protected activity and an adverse employment action under the FMLA, and as to protected activity under the FLSA. For these reasons, Defendant requests – as an alternative to a dismissal of the First Amended Complaint – a more definite statement of Plaintiff's claims.

**III.    CONCLUSION**

Based on the foregoing, Defendant ALS respectfully moves the Court for entry of an Order dismissing Plaintiff's FMLA interference and retaliation claims, as well as Plaintiff's FLSA retaliation claim, for failure to state a claim upon which relief may be granted. In the alternative, ALS requests Plaintiff provide a more definite statement of her claims under Rule 12(e) of the Federal Rules of Civil Procedure.

Dated: July 22, 2016

                                        Respectfully submitted,
                                        HOLLAND & KNIGHT LLP
                                        Attorneys for Defendant
                                        Holland & Knight LLP
                                        701 Brickell Avenue, Suite 3300
                                        Miami, Florida 33131
                                        (305) 374-8500
                                        (305) 789-7799 (fax)

        By:  *s/ Kelly-Ann Cartwright*
            Kelly-Ann G. Cartwright
            Fla. Bar No. 0892912
            kellyann.cartwright@hklaw.com
            Gabriela M. Ruiz
            Fla Bar No.: 46844
            gabriela.ruiz@hklaw.com

### CERTIFICATE OF SERVICE

*I Hereby Certify* that on **July 22, 2016**, I electronically filed DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        *s/ Kelly-Ann Cartwright*

**SERVICE LIST**

Anthony M. Georges-Pierre, Esq.
Anaeli C. Petisco, Esq.
REMER & GEORGES-PIERRE, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rpgattorneys.com
pn@rgpattorneys.com

*Via CM/ECF*