**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-22037-KMW**

ANA GARCIA,

      Plaintiff,

vs.

ALS EDUCATION, INC.
d/b/a ACCELERATED LEARNING SOLUTIONS,

      Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant ALS Education, Inc.'s ("ALS") motion to dismiss First Amended Complaint.  (DE 27).  Plaintiff Ana Garcia filed a response (DE 29) and ALS filed a reply (DE 30).  For the reasons below, the motion (DE 27) is **GRANTED**.

## I.    BACKGROUND

This case arises from a dispute between Garcia and her former employer ALS, a foreign corporation with an office in Miami-Dade County.  (DE 22 ¶ 4).  Garcia's FAC brings four causes of action: Count 1 for interference with her rights pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54; Count 2 for damages pursuant to the FMLA's anti-retaliation provision; Count 3 for unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19; and Count 4 for damages pursuant to the FLSA's anti-retaliation provision. ALS moves to dismiss Counts 1, 2, and 4 for failure to state a claim.

Garcia bases all of her claims on generalized allegations about the way ALS treated her while she was their employee from July 2014 through March 16, 2016. (DE 22 ¶ 9). She claims that for the entirety of this period, she worked forty hours plus twenty additional overtime hours each week without receiving any corresponding overtime pay. (DE 22 ¶ 12-14). At an unspecified point during her tenure, she asked for a raise in light of her overtime work. ALS's Executive Director of Curriculum demurred, stating that "he had people that made less and handled more and that [Garcia] did not play nice in the sand box." (DE 22 ¶¶ 15-16). Garcia also complained to ALS at unspecified points during her tenure that the work she did was "excessive and manual in nature"; that she was "receiving harassing e-mails"; and that ALS "established deadlines that could only be met by working extended hours." (DE 22 ¶ 17). Finally, she claims that ALS's "constant changes in instructions" led to issues with her performance. (DE 22 ¶ 18).

Garcia does describe one specific incident to support her claims. On December 1, 2015, she called ALS's Executive Director of Operations to confirm that she was running late for a meeting because she was feeling ill. (DE 22 ¶ 19). The Executive Director of Operations told her to take the day off. (DE 22 ¶ 19). She then went to a doctor, who diagnosed her with bronchitis. (DE 22 ¶ 20). Her condition worsened and she was hospitalized. (DE 22 ¶ 20). Around 5:00 a.m. the next morning, December 2, 2015, she sent hospital discharge papers to ALS and confirmed that she would be able to return to work on December 5, 2015. (DE 22 ¶ 20). Then, at an unspecified time, ALS's Human Resources Department "sent Plaintiff an e-mail stating that Plaintiff did

that Plaintiff did not report to work and received a write-up." (DE 22 ¶ 21). Garcia claims that "Defendant was on notice through its agents prior to issuing the write-up that Plaintiff was undergoing inpatient care." (DE 22 ¶ 21).

Three months later on March 16, 2016, following a meeting which included individuals named David Zeiler and Elizabeth Chardon, Garcia's employment at ALS ended. (DE 22 ¶ 22). After she was terminated, Garcia was "escorted out of the building." (DE 22 ¶ 22).

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, Garcia's FAC must plead sufficient facts to state a claim that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the FAC. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in Garcia's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although Garcia need not provide "detailed factual allegations," her FAC must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of Garcia's FAC because the Court anticipates "actual proof of those facts is improbable" but the "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

### III.    DISCUSSION

ALS argues that Garcia's FAC fails to allege required predicates to both of her FMLA claims, Counts 1 and 2, and fails to allege a protected activity in support of her FLSA retaliation claim, Count 4.  The Court agrees that Garcia has not stated a claim on any of Counts 1, 2, and 4 and grants ALS's motion.

"The FMLA grants an eligible employee the right to take up to 12 workweeks of unpaid leave annually for any one or more of several reasons, including '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.'"  *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006) (quoting 29 U.S.C. § 2612(a)(1)(D)). The FMLA "creates a private right of action to seek equitable relief and money damages against employers who 'interfere with, restrain, or deny the exercise of or the attempt to exercise' FMLA rights."  *Id.* (citing 29 U.S.C. §§ 2615(a)(1), 2617(a)); *see also Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 724–25 (2003).

The FMLA creates two broad types of claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Strickland v. Water Works and Sewer Bd. of the City of Birmingham,* 239 F.3d 1199, 1206 (11th Cir. 2001) (internal citations omitted).

To establish an interference claim, an FMLA-eligible employee "need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied" by the FMLA employer. *Id.* at 1207. "An eligible employee is one who has worked for a covered employer for at least twelve months, has worked at least 1,250 hours during the previous twelve months, and has been employed at a worksite where there are least fifty or more employees within a seventy-five mile radius." *Rich v. Delta Air Lines, Inc.*, 921 F. Supp. 767, 772 (N.D. Ga. 1996) (citing 29 U.S.C. §§ 2611(2)(A), 2611(2)(B)(ii)).

Contrary to ALS's argument, the Court finds that the FAC alleges sufficient facts to show that Garcia is an "eligible employee" for purposes of the FMLA interference claim, Count 1. Garcia's allegation that she worked forty hours plus an additional twenty overtime hours every week during the approximately 18 months that she was employed at ALS (DE 22 ¶¶ 12, 14) is sufficient to support the reasonable inference that she worked 1,250 hours for ALS within a relevant 12-month period. And although the FMLA-defined term "eligible employee" excludes "any employee . . . at a worksite at which . . . the total number of employees employed by that employer within 75 miles of that worksite is less than 50," 29 U.S.C. § 2611(B)(ii), the FAC's allegations (DE 22 ¶¶ 3-5, 24-25, 27, 32-33) read in the light most favorable to Garcia, support a reasonable inference that she meets the geographic requirement.

However, Garcia's FMLA interference claim still fails as alleged because she does not explain what, if any, benefits ALS denied her, let alone how ALS denied them. *See Strickland*, 239 F.3d at 1207 (holding that FMLA interference claim requires a

plaintiff to show "[s]he was entitled to the benefit denied" by her employer).   Garcia alleges no facts connecting Garcia's March 16, 2016 termination to her December 1, 2015 medical issue, no details about the contents or import of the "write-up," and no description of how the various events described in the Complaint relate to one another. Without factual connections that weave together her otherwise disparate allegations, Garcia's conclusory statement that "Defendant's actions constitute violations of the FMLA" (DE 22 ¶ 29) is insufficient. *Twombly*, 550 U.S. at 555.  Consequently, the Court dismisses Count 1.

Moreover, the FAC fails to allege sufficient facts to support the FMLA retaliation claim, Count 2.  "To state a claim of retaliation under the FMLA, an employee must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to a protected activity." *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307, 1313 (S.D. Fla. 2005) (citing *Walker v. Elmore Cty. Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004)).  To establish the third element, a causal link between the adverse employment decision and the protected activity,[1] the plaintiff must show that "the two things were not entirely

---

[1]  As an initial matter, it is unclear what protected activity Garcia is claiming and what adverse employment action Garcia claims that ALS took.  Garcia takes the position that her December 1, 2015 medical issue—and her call to ALS's Executive Director of Operations "to confirm that she was running late for the meeting" (DE 22 ¶ 19)— somehow constituted an FMLA-protected activity.  (DE 29 at 4-5).  She also argues that both the "write-up" issued after she missed work on December 1, 2015 and her eventual termination on March 16, 2016 were adverse employment decisions.  (DE 29 at 6). However, as discussed above, the FAC does not describe the contents or import of the "write-up," leaving the Court unable to determine whether the "write-up" was an independent adverse employment action; the FAC does not connect Garcia's termination to any of the events described.  Nonetheless, and solely for purposes of considering this motion, the Court assumes—as Garcia argues—that her December 1,

unrelated"; this means "generally show[ing] that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (citation omitted). "[I]n a case involving a corporate defendant the plaintiff must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression . . . ." *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997).

Assuming that ALS's adverse employment decision was Garcia's March 16, 2016 termination, Garcia does not allege sufficient facts to support causation. As discussed above, the FAC offers no facts linking her termination to any of the other events described in the FAC. Garcia responds that the temporal proximity between her December 1, 2015 medical issue and her March 16, 2016 termination—about fourteen weeks—is sufficient to show causation. The Eleventh Circuit, however, has rejected this very argument in the FMLA retaliation context: "If there is a delay of more than three months between the two events, then the temporal proximity is not close enough, and the plaintiff must offer some other evidence tending to show causation." *Henderson v. FedEx Express*, 442 F. App'x 502, 506 (11th Cir. 2011); *see also Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (holding, in Title VII context, that "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not enough.").

Neither does the FAC allege sufficient facts to establish causation assuming that ALS's adverse employment decision was the "write-up." The FAC generally alleges that

---

2015 actions were FMLA-protected activity and that both the "write-up" and Garcia's termination were adverse employment decisions.

"Defendant was on notice through its agents" (DE 22 ¶ 21) about Garcia's medical condition and that ALS's Human Resources Department subsequently issued a "write-up" as "retaliat[ion] against Plaintiff" for exercising unidentified FMLA-protected rights. (DE 22 ¶ 36). Garcia points to the allegation that she complained about her illness to the Executive Director of Operations on December 1, 2015 and that he told her to take the day off. (DE 22 ¶ 19). To Garcia, this indicates that ALS's agent was aware of her illness and hospitalization, establishing a causal link between her FMLA-protected activity and the "write-up." ALS counters that even if its Executive Director of Operations was aware of Garcia's medical situation, their Human Resources Department issued the "write-up" and the FAC never specifies a decision-maker who was responsible for issuing the "write-up." Although a fair inference exists from the FAC that ALS—as a corporate entity—was aware of Garcia's medical situation when it issued the "write-up," the FAC does not specify who was responsible for the "write-up" and does not allege that this decision-maker was aware of Garcia's FMLA-protected activity. Consequently, the FAC does not establish a causal connection between an FMLA-protected activity and the "write-up" and Count 2 is dismissed. *See Brungart*, 231 F.3d at 799; *Raney*, 120 F.3d at 1197.

Finally, Count 4 of the FAC, Garcia's FLSA retaliation claim, also fails to state a claim. "The FLSA protects persons against retaliation for asserting their rights under the statute." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000); 29 U.S.C. § 215(a)(3). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) she engaged in activity protected under the act; (2) she

subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf*, 200 F.3d at 1342–43. Filing a complaint is a statutorily protected activity. *Miller v. Roche Sur. & Cas. Co.*, 502 F. App'x 891, 893 (11th Cir. 2012) (citing *Kasten v. Saint-Gobain Performance Plastics, Corp.*, 563 U.S. 1, 7 (2011)). In *Kasten*, the Supreme Court noted the importance of the employer having fair notice that an employee is "filing a complaint" pursuant to the FLSA and explained that "[t]o fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both the content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten*, 563 U.S. at 14.

The FAC alleges only that Garcia complained to ALS about the nature of her work and her long hours, and that she asked for a raise in light of the long hours. (DE 22 ¶¶ 15-17). There is no fair inference from these allegations that Garcia asserted her rights pursuant to the FLSA in a manner that a reasonable employer would understand as a complaint. Significantly, courts have held that "[d]emands for more compensation are not protected activity." *Perez v. Brands Mart Serv. Corp.*, No. 10-61203-CIV, 2011 WL 3236022, at *9 (S.D. Fla. July 28, 2011) (citing *Alvarado v. I.G.W.T. Delivery Systems, Inc.*, 410 F. Supp. 2d 1272 (S.D. Fla. 2006)). And Garcia's mere conclusion that "Defendant's conduct . . . constitutes a violation of the FLSA's anti-retaliation provision" is not independently sufficient to state a claim. *See Twombly*, 550 U.S. at 555. As such, the Court dismisses Count 4.

## IV.    CONCLUSION

For the foregoing reasons, ALS's motion to dismiss (DE 27) is **GRANTED**. Counts 1, 2, and 4 of the First Amended Complaint (DE 22) are **DISMISSED** and Plaintiff's request for attorneys' fees and costs (DE 29 at 8) is **DENIED**. Garcia must file any motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure by **January 12, 2017**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 30th day of December, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE