UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22037-CIV-WILLIAMS/SIMONTON

ANA GARCIA,

    Plaintiff,

v.

ALS EDUCATION, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR BILL COSTS, IN PART

This matter is before the Court upon Defendant's Motion for Bill of Costs, ECF No. [91]. The Plaintiff has filed a Response in opposition to the Motion, ECF No. [93]. The Honorable Kathleen M. Williams, has referred the Motion to the undersigned, ECF No. [92]. Based upon a thorough review of the record and for the following reasons, the Motion is GRANTED IN PART, and costs are awarded to the Defendant in the amount of $2,818.45 for taxable costs incurred in this action.[1]

### I.     BACKGROUND

This matter was initiated when Plaintiff Ana Garcia filed a four-count Complaint against her former employer ALS Education, Inc., d/b/a Accelerated Learning Solutions ("ALS"), in the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida, ECF No. [1]. The Complaint alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA"), including retaliation claims, and alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA"), ECF

---

[1] **If either of the Parties contends, and the District Judge agrees, that this matter is more properly resolved through a report and recommendation instead of an order, the undersigned intends it to be treated as such.**

No. [1-1]. After the Defendant removed the action to this Court, the Defendant moved to dismiss the Plaintiff's FMLA claims, as well as her claim for FLSA retaliation, ECF No. [27]. The Court granted that Motion and dismissed the FMLA claims, and the FLSA retaliation claim, leaving Plaintiff's FLSA claims for unpaid wages and liquidated damages to be litigated by the Parties, ECF No. [54].

Thereafter, on July 21, 2017, the Court granted Defendant ALS' Motion for Summary Judgment and Final Judgment was entered on behalf of ALS, ECF Nos. [88] [89]. Defendant then filed the instant Motion for Bill of Costs seeking to recover $2,963.45 in costs incurred in this matter, ECF No. [91]. In support of its request, the Defendant has submitted a Memorandum of Law and receipts for the costs that the Defendant seeks to recover, ECF No. [91-1]. The Plaintiff filed a response in Opposition to Defendant's Motion, ECF No. [93].

II. ANALYSIS

Pursuant to Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. See *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*

**There is no contention in the case at bar that there is a basis for reducing costs that fall within the scope of section 1920. The following discussion analyzes the taxable costs pursuant to this statute.**

1. *Fees of the Clerk*

**In the Bill of Costs, the Defendant first seeks to recover four hundred dollars ($400.00) paid to the Clerk of Court for removal of this matter to the Southern District of Florida, ECF No. [91-1] at 2.**

**Section 1920(1) authorizes fees of the clerk as costs, and a "removal fee is unquestionably a fee of the clerk." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2015 WL 11197752, at *2 (S.D. Fla. Dec. 29, 2015), report and recommendation adopted, No. 14-60268-CIV, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016) (internal citation omitted); *Nelson v. North Broward Med. Cntr*, No. 12–61867–CIV, 2014 WL 2195157, at *2 (S.D. Fla. May 27, 2014) (removal fee is taxable). In light of the law and Plaintiff's failure to challenge Defendant's request for the removal fee, the undersigned awards Defendant four hundred dollars ($400.00) for this cost. *See E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000) (finding that the district court did not abuse its discretion by taxing unchallenged costs).**

2. *Fees for Deposition and Deposition Transcripts*

**The Defendant seeks to recover costs in the amount of $2,563.45 associated with conducting depositions in the case. Specifically, Defendant seeks to recover $1,645.55 for the cost of the Plaintiff's deposition, and further seeks $908.90 for the costs for the depositions of three of the Defendant's employees, ECF No. [91] at 2.**

**In the Eleventh Circuit, deposition transcripts are generally taxable as long as they were "necessarily obtained for use in the case." *E.E.O.C.*, 213 F.3d at, 620-21.**

3

District courts have wide latitude in determining whether a deposition was necessary but the general rule is that "a deposition is considered to be necessary if it was related to an issue that was present in the case when the deposition was actually taken." *Pronman v. Styles,* 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015).

Here, Plaintiff does not contend that the depositions were not necessary or not relied upon in Defendant's motion for summary judgment, ECF No. [61]. Rather, the Plaintiff contends that the Court should deny additional expenses associated with the depositions for the appearance fee of the court reporter, the exhibit copies, the Litigation Support Package, the mini-transcripts and the processing/archival/delivery fees, ECF No. [93] at 3.

The undersigned has reviewed the record in this case as well as the Defendant's invoices related to the depositions and concludes that the Defendant is entitled to recover the bulk of the costs incurred related to those depositions. At the outset, the undersigned notes, as conceded by Plaintiff, that the depositions of the Plaintiff and three of Defendant's employees were necessarily obtained for use in this case and thus are taxable. In addition, courts in this district have held that the cost of appearance and transcription of the proceeding by the court reporter are compensable. *Berrios v. Univ. of Miami*, No. 11-22586-CV, 2012 WL 7051307, at *3 (S.D. Fla. Oct. 25, 2012) (observing numerous courts have ruled that attendance fees of court reporters are taxable costs because it is necessary for the court reporter to appear, record the testimony and then prepare the deposition transcript); *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012) (same). As to the deposition transcripts, the depositions taken were filed in this case in conjunction with the Motion for Summary Judgment, including the Plaintiff's deposition and the exhibits to that

4

deposition, ECF Nos. [59] [60]. Thus, the transcripts and exhibits to the Plaintiff's deposition were necessarily for use in this case. Therefore, the undersigned concludes the Defendant is entitled to recover the court reporter fee, the costs incurred in obtaining one copy of the deposition transcript, and the black and white exhibits attached to the deposition transcript, as those items were also necessarily obtained for use in the case.

However, although the costs of an original transcript necessarily obtained for the case are taxable, here, the Defendant seeks additional costs in the amount of $60.00 incurred for three mini-transcripts (which presumably are duplicative of the e-transcript). The Court concludes that mini-transcripts were incurred for the convenience of counsel, rather than necessary for the defense of this case, and thus are not compensable. See *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) ("While the cost of a deposition transcript is generally recoverable, multiple copies are generally not recoverable.").

Defendant also seeks to recover the costs for the Ligation Support Package ($35.00) associated with the Plaintiff's deposition, and for Processing/Archival/Delivery ($25.00 each) for both the Plaintiff's deposition and the Defendant's three employees' deposition. The undersigned concludes that the Litigation Support Package, which is identified as "DATA CD and Mini Transcript," was not necessarily incurred for use in the case, but instead was obtained for the convenience of Counsel. Therefore, that cost is not recoverable. Likewise, shipping/delivery costs are not taxable. *Watson v. Lake County*, 492 F. App'x 991, 997 (11th Cir. 2012). *See also*, *RGF Environmental Group v. Activ Tek Environmental Corp.*, 2010 WL 3269982 at *3 (S.D. Fla. July 21, 2010) (deposition exhibits, delivery charges, expedited fees, postage costs, condensed transcripts, ASCII disks and copies of transcripts not recoverable). Accordingly, the

undersigned will deduct costs in the amount of $60.00 incurred for the mini-transcripts, costs for the Ligation Support Package ($35.00), and the $50.00 cost for the two Processing/Archival/Delivery charges ($25.00 each).

Thus, Defendant is therefore entitled to recover $2,418.45 of the $2,563.45 it seeks for deposition and transcription fees.

III. **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Defendant's Bill of Costs, ECF No. [91] is **GRANTED, IN PART.** The Defendant, as a prevailing party, is hereby awarded costs in the amount of $2,818.45 reflecting: 1) $400.00 in fees for removing the case to the Southern District of Florida; and 2) $2,418.45 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

**DONE AND ORDERED** at Miami, Florida, this 30th day of March, 2018.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:
The Honorable Kathleen M. Williams,
 United States District Judge
All counsel of record**